UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-173-GWU

JAMES M. DEAN,                                                    PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                  DEFENDANT.

### INTRODUCTION

James Dean brought this action to obtain judicial review of an unfavorable administrative decision terminating his Child's Supplemental Security Income (SSI) upon redetermination of his disabled status as an adult.  The case is before the court on cross-motions for summary judgment.

### LAW APPLICABLE TO CHILD'S SSI BENEFITS

As of 1996 <u>strict</u> standards for child's SSI claims were adopted.  The Welfare Reform Act, P.L. No. 104-193, 110 Stat. 2105, provides that:

> An individual under the age of eighteen (18) shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months.

Thus, a child's SSI claim can be granted now only if there is a "marked and severe functional limitation(s)." The impairment must meet, medically equal, or functionally

1

07-173 Dean

equal in severity one of the Listing of Impairments (LOI) found at 20 C.F.R. Part 404, Subpart P, Appendix 2. 20 C.F.R. Section 416.924.

The implementing regulations require the agency to determine if the child's impairment(s) meet any LOI sections found at 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. Section 416.924. If this step is not satisfied, the fact finder is required to consider limitation of specific functioning, broad areas of development or functioning, episodic impairments, and limitations related to medication effects to determine "functional equivalence" to the LOI. 20 C.F.R. Section 416.926a. Functional equivalence is established if the child has one area of extreme functional limitations (i.e., very serious interference with functioning) or two areas of marked limitation (i.e., serious interference with functioning). Id.

## PERIODIC REVIEWS FOR DISABLED CHILDREN

The regulations provide for periodic review of continuing eligibility for Child's SSI benefits. 20 C.F.R. Section 416.994a(a). Once a claimant reaches 18 years of age, his claim becomes subject to a new redetermination under adult standards for disability, using the rules for determining initial eligibility, rather than any medical improvement standard. 20 C.F.R Section 416.987 (2002).

## DISCUSSION

The procedural history reveals that Dean was awarded Child's SSI at the age of 10 in a decision dated December 19, 1997. (Tr. 35-37). The plaintiff's "severe" impairments included mild mental retardation, allergies, obesity, and a history of

2

seizures.  (Tr. 36).  In 2005, having attained the age of 18, the claimant underwent a review of his disability status under the adult standards pursuant to 42 U.S.C. Section 1382c.  (Tr. 13).  The plaintiff was found not to be disabled under the adult disability standards and an appeal was taken to federal district court.

In the redetermination decision, the ALJ concluded that Dean, a 20 year-old man with a high school education[1] and no past relevant work history, suffered from impairments related to borderline intelligence and a learning disorder.  (Tr. 14-15). Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a restricted range of work at all exertional levels.  (Tr. 19).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Id.). The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 18).

The hypothetical question presented to Vocational Expert Anne Thomas included such non-exertional limitations as a fifth grade reading level, a "limited but satisfactory" ability to tolerate stress and follow instructions, and a "more than satisfactory" ability to relate to others and sustain attention for simple, repetitive tasks.  (Tr. 451).  In response, the witness identified a significant number of jobs in the national economy which could still be performed.  (Id.).  Therefore, assuming

---

[1]The plaintiff testified that several of his classes were in special education.  (Tr. 436).

the vocational factors considered by Thomas fairly characterized Dean's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The ALJ dealt properly with the evidence of record relating to Dean's mental condition.  Psychologist Phil Pack, an examining consultant, examined the plaintiff in December of 2004 when he was 18 years old, and reported that achievement testing revealed a fifth grade reading level.  (Tr. 366).  The examiner administered IQ testing which indicated a verbal IQ score of 75, a performance IQ score of 80 and a full scale IQ score of 76.  (Tr. 365).  The claimant was noted to have demonstrated no significant deficits in adaptive behavior.  (Tr. 366).  The examiner concluded that Dean's current level of functioning was within the borderline to low average range and diagnosed borderline intellectual functioning.  (Id.).  The psychologist indicated that the claimant would have "fair" ability to deal with instructions, a "good to fair" ability to adapt to the stress and pressures of work activity, and "good" ability to sustain attention, to perform repetitive tasks and relate to others.[2]  (Tr. 366-367).  The hypothetical factors were consistent with this opinion.

Dr. Carl Smith, a treating source, did opine that Dean was mildly mentally retarded.  (Tr. 368).  However, the physician did not perform IQ testing and was not a mental health professional.  The federal regulations provide that "we generally

---

[2]"Fair" was defined as "ability to function is limited but satisfactory" and "good" was defined as "ability to function is more than satisfactory."  (Tr. 367).

give more weight to the opinion of a specialist about medical issues related to his or her area of speciality than to the opinion of a source who is not a specialist." 20 C.F.R. Section 416.927(d)(5).   Thus, the ALJ could give superior weight to the opinion of Pack.  The only mental restrictions indicated by Dr. Smith were a limited ability to handle instructions and to respond to supervision. (Id.).  These restrictions are essentially consistent with those included in the hypothetical question. Furthermore, since the plaintiff has only mental limitations, Social Security Ruling 85-15 indicates that he could only be found to be disabled if his mental problems impose a "substantial" loss of ability to understand, remember or carry out simple instructions, to respond to supervision, co-workers and usual work situations and to deal with changes in a routine work setting.  The modest mental restrictions of Dr. Smith do not rise to this level of impairment.  Therefore, Dr. Smith does not support the plaintiff's claim of disabled status.

Psychologist Jane Brake reviewed the record and opined that Dean would be "moderately" limited in such areas as understanding, remembering and carrying out detailed instructions, sustaining ordinary routine without special supervision, responding appropriately to changes in the work setting, and setting realistic goals or making plans independently of others.  (Tr. 407-408).  The hypothetical factors were arguably compatible with these somewhat differently worded but not necessarily totally disabling mental limitations.  Furthermore, these restrictions would also not impose the "substantial" loss of ability in the key areas noted in

Social Security Ruling 85-15 to be considered totally disabling.  Therefore, the opinion of Brake also does not support the plaintiff's claim of disabled status.

Dean argues that the evidence was not sufficient to show an improvement in his mental condition.  He notes having undergone intelligence testing by Psychologist Donna Adams in April of 1997 when he was 10 years old, which revealed a verbal IQ score of 67 and a full scale IQ score of 70, each scores within the range to meet the requirements of Section 12.05C of the Listing of Impairments. (Tr. 304).  He has submitted a two academic articles to support his claim that these are still valid scores despite the later higher scores obtained by Pack.[3]  However, the administrative regulations provide that "IQ test results obtained between the ages of 7 and 16 should be considered current for 4 years when the tested IQ is less than 40 and for 2 years when the IQ is 40 or above."  20 C.F.R. Section 112.00(D)(10).  Thus, the IQ scores of Adams at the age of 10 are no longer sufficient to meet the Listing requirements under the federal regulations.  The later scores of Pack, obtained at the age of 18, are in the borderline range and support the administrative decision.

Dean also asserts that the hypothetical question did not fairly characterize his mental condition because it did not include a limitation on his ability to learn.

---

[3]The submitted articles were "Tethering the Elephant," Psychology, Public Policy and Law, 12:2, 170-189, (2006) by James Flynn, and "The Flynn Effect and its relevance to Neuropsychology," Journal of Clinical and Experimental Neuropsychology, 29:5, 514-529 (2007) by Merrill Hiscock.

07-173 Dean

However, as previously noted, the question did include the mental limitations noted by Pack and was arguably consistent with the opinions of Brake and Dr. Smith. Therefore, the court finds that the question did fairly depict the claimant's condition and must reject the plaintiff's argument.

The ALJ properly determined that Dean did not suffer from a "severe" physical impairment. Dr. Smith reported in February of 2005 that he had treated the plaintiff for the previous nine years. (Tr. 368). The physician indicated in 2002 that since becoming his patient, Dean had experienced only one hospitalization for asthma and had done well with only intermittent problems. (Tr. 371). The plaintiff was reported to have remained fairly healthy since 2003 with his physical problems related to tobacco abuse and obesity. (Tr. 370). Dr. Smith did note obesity and asthma as physical conditions afflicting the claimant in his most recent statement. (Tr. 368). However, despite these afflictions, the doctor opined that the plaintiff would not be physically impaired in his ability to sit, stand, move about, lift, carry, handle objects, hear speak, or travel. (Id.). The lack of physical restrictions supports the ALJ's findings that the claimant's physical problems were not "severe." The mere diagnosis of a condition does not prove its severity and its disabling effects must still be shown. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). Despite his alleged problems with asthma and allergies, the plaintiff continued to smoke cigarettes and declined all attempts to direct him into a smoking cessation program. (Id.). In Mullins v. Secretary of Health and Human Services, 836 F.2d

7

980, 985 (6th Cir. 1987), the court found that in view of a claimant's continued smoking habit, "it was difficult to invision [sic] a severe and environmental restriction imposed by a pulmonary condition."  Finally, Dr. Parandhamulu Saranga reviewed the record in March of 2005 and opined that Dean's physical problems were "less than severe." (Tr. 426).  These reports provide substantial evidence to support the administrative decision.

Dean argues that the ALJ did not articulate reasons to support a finding of medical improvement since the prior determination of disabled status.  However, 20 C.F.R. Section 416.987(b) indicates that the medical improvement standard rules outlined in 20 C.F.R. Section 416.994 for continuing disability reviews do not apply in an age-18-redetermination.  Nevertheless, the ALJ clearly noted the basis of the earlier disability determination--the finding of mild mental retardation with severe asthma/allergies.  (Tr. 15).  The ALJ then extensively discussed the evidence pertaining to the current time frame, noting the lack of physical findings from Dr. Smith to support the existence of a "severe" physical impairment as well as Pack's intelligence testing scores in the borderline range and the psychologist's lack of a finding of significant deficits in adaptive functioning which would support a finding of mild mental retardation.  (Tr. 15-16).  While the ALJ did not use the terms "comparison point decision" or "medical improvement," he properly considered the evidence as required by the administrative regulations.  Therefore, the court must reject the plaintiff's argument.

07-173  Dean

The undersigned concludes that the administrative decision should be affirmed.   Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 11th day of March, 2008.

**Signed By:**

**_G. Wix Unthank_**

**United States Senior Judge**